UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SOPHIA MARCH AND VALRIE HARVEY,                    DKT#:

                              Plaintiff,                    COMPLAINT

              - against -                          JURY TRIAL DEMANDED

                                                   ECF CASE
CITY OF NEW YORK,
THE NEW YORK CITY POLICE DEPARTMENT and
POLICE OFFICER O'Connor (113TH PRECINCT),
POLICE OFFICER "JOHN DOE",
individually and in their official capacity
(the name "John Doe" being fictitious, or an alias,
as the true names are presently unknown),

                              Defendants.
------------------------------------------------------------------x
        Plaintiffs, SOPHIA MARCH AND VALRIE HARVEY, by their attorney, SOPHIA

SOLOVYOVA, Esq, complaining of the defendants, respectfully set forth and allege that:

### INTRODUCTION

   1.  Plaintiffs bring this action for compensatory damages, punitive damages, and attorney's

fees pursuant to 42 U.S.C §§ 1983, 1985, and 1988, for violations of Plaintiffs' civil rights under

the said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION

   2.  The jurisdiction of this Court is invoked pursuant to the provisions of 42 USC 1983, 42

U.S.C § 1985(3) and the First, Fourth, Fifth, Eighth, and Fourteenth Amendment to the

Constitution of the United States.

   3.  Plaintiffs' claims for attorney's fees and costs are predicated upon 42 U.S.C § 1988 and

42 U.S.C § 2000, which authorize the award of attorney's fees and costs to the prevailing parties

pursuant to 42 U.S.C § 1983.

1

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C § 1331, in that this is a civil suit arising under the Constitution of the United States.

5. Jurisdiction of this Court is invoked pursuant to 28 U.S.C § 1343(a), in that this action seeks to redress the deprivation, under color of state law, of rights secured to Plaintiffs by the First, Eight and Fourteenth Amendments to the Constitution of the United States and the laws of the United States.

## VENUE

6. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that Plaintiffs reside within this District as well as the fact that this is the District in which the claim arose.

## JURY DEMAND

7. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

8. Plaintiffs, SOPHIA MARCH AND VALRIE HARVEY, are African American females, citizens of the United States, and at all relevant times residents of the City and State of New York.

9. Defendant, The City of New York, was and is a municipal corporation organized and existing under and by virtue of the laws of the State of New York.

10. The City of New York maintains the New York City Police Department, authorized to perform all functions of a police department as per the applicable section of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

2

11. That at all times hereinafter mentioned, the individually named defendants, POLICE OFFICER O'Connor and POLICE OFFICER "JOHN DOE" were duly sworn police officers of the City of New York Police Department and were acting under the supervision of said department and according to their official duties.

12. That at all relevant times, the defendants, either personally or though their employees, were acting under color of state law and /or in compliance with the official rules, laws, regulations, statutes, usages and/or practices of the State of New York and the City of New York.

13. That each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope and in the furtherance of their employment by defendant, City of New York.

14. Upon information and belief, Defendant Police Officer John Doe, a natural person, was an employee of Defendant City and is being sued individually and in his or her official capacity.

## FACTUAL ALLEGATIONS

15. On or about February 3, 2013, at about 9pm, Plaintiffs SOPHIA MARCH, a college student, and her mother, VALRIE HARVEY, drove Ms. Harvey's vehicle, Infinity 130, returning from a friend's house.

16. The Infinity 130 Sophia March was driving was properly registered to her mother, Valrie Harvey, who was a passenger in the car.

17. Ms. March and Ms. Harvey stopped at the red traffic light on Baisley Boulevard and 177th when a police vehicle drove up and parked behind them.

3

18. As soon as the light turned green and Ms. March was about to make a right turn, the officers put on their lights signaling for her to stop.

19. Ms. March turned onto 177th street and came to a full stop.

20. Officer O'Connor approached Ms. March's vehicle and knocked on her window. Ms. March opened her window and asked officer O'Connor why he stopped her. Officer O'Connor replied that the license plate on her car was slanted.

21. Officer O'Connor then informed the Plaintiffs that the vehicle did not show up in the system. Ms. Valrie Harvey explained that the vehicle was registered in her name and showed the officer proof of registration.

22. Officer O'Connor ordered the Plaintiffs to step outside and proceeded to search the inside the car without the Plaintiffs' consent. The Plaintiffs did not give Officer O'Connor permission to search the vehicle. The search of the Plaintiffs' vehicle did not result in discovery of any contraband.

23. The officers called for backup and two marked police vehicles arrived at the scene.

24. Officer O'Connor handcuffed the Plaintiffs without explaining why he was arresting them. The Plaintiffs were placed in the back of the police vehicle and driven to the 113th Precinct.

25. At the 113th Precinct, the Plaintiffs were handcuffed to a rail for about 6 hours.

26. The Plaintiffs were released around 3 A.M.

27. Plaintiff Sophia March was given three traffic tickets for driving an uninspected vehicle, for driving an unregistered vehicle, and for operating a vehicle without insurance.

28. In addition, Plaintiff Sophia March received a desk appearance ticket ("DAT") charging her with VTL 1212UM – reckless driving. Sophia March was arrested at a traffic light, she was not driving recklessly at the time of her arrest.

29. Plaintiffs' arrest and prosecution by defendant police officers was without probable cause and was conducted with malice.

30. On or about April 4, 2013, Plaintiff Sophia March's case in Queens Criminal Court was dismissed for legal insufficiency.

31. On or about May 10, 2013, Plaintiff March's traffic tickets were dismissed by the Judge after a hearing in Traffic Court.

32. The Plaintiffs experienced pain from the handcuffs for a few days after the arrest.

33. The Plaintiffs, who had never been arrested before, were deeply embarrassed and humiliated by the experience.  Plaintiff Sophia March was especially traumatized and was unable to stop crying.

34. Plaintiff Sophia March did not return to classes for one week after the incident. After she returned to school, she could not concentrate and failed several classes.

35. To date, the Plaintiffs suffer from fear of the police and memories of humiliation.

36. As a result of the foregoing, the Plaintiffs sustained inter alia, pain, suffering, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, loss of enjoyment and use of their residence, loss of use and enjoyment of their property, incurred monetary costs, and deprivation of their constitutional rights.

### FIRST CLAIM FOR RELIEF
### MONELL

37. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" though "36" with the same force and effect as if fully set forth herein.

38. On information and belief, prior to and including February 3, 2013, the City of New York developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of New York, which caused the violation of Plaintiffs' rights.

39. On information and belief, it was the policy and/or custom of the City of New York to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by the City of New York.

40. On information and belief, it was the policy and/custom of the City of New York and its Police Department to inadequately screen, hire, train, supervise and discipline its police officers, including the defendant officers, for their propensity for violence, excessive force and restraint, for racial bias, and for their failure to protect citizens from unconstitutional conduct of other police officers, thereby permitting and allowing the defendant officers to be in a position to assault, unlawfully restrain, falsely arrest, and unlawfully imprison Plaintiffs and otherwise cause them injury and violate their state and federal constitutional rights.

41. On information and belief, the defendant officers have been the subject of prior civilian and departmental complaints that put, or should have put, the defendant City of New York and its Police Department on notice that the defendant officers were likely to engage in conduct that would violate the civil and constitutional rights of the public, such as the conduct complained of by the plaintiffs herein.  Furthermore, the City of New

6

York and its Police Department did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

42. As a result of the above described policies and customs, police officers of the City of New York, including the defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned but would be tolerated.

43. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the City of New York to the state and federal constitutional rights of persons within the City and were the cause of the violations of the Plaintiffs' rights guaranteed under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, and under 42 U.S.C. 1981.

44. The conduct and negligence of the defendant City of New York and its Police Department were the direct and proximate cause of the injuries and claims damages under 42 U.S.C. 1983 for the aforesaid injuries.

SECOND CLAIM FOR RELIEF
VIOLATION OF FEDERAL CIVIL RIGHTS UNDER 42 USC 1983

45.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" though "44" with the same force and effect as if fully set forth herein.

46.    All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

47.    All of the aforementioned acts deprived plaintiffs SOPHIA MARCH AND VALRIE HARVEY of rights, privileges and immunities guaranteed to citizens of the Untied states by the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the Untied States of America and in violation of 42 U.S.C. 1983.

7

48.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

49.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures and rules of the City of New York and the New York Police Department, all under the supervision of ranking offers of said department.

50.     Defendants collectively and individually, while acting under color of state law, engaged in conduct, which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

THIRD CLAIM FOR RELIEF
FALSE ARREST UNDER 42 U.S.C. 1983

51.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" though "50" with the same force and effect as if fully set forth herein.

52.     As a result of defendants' aforementioned conduct, the Plaintiff was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the defendants without any probable cause, privilege or consent.

53.     As a result of the foregoing, Plaintiffs' liberty was restricted for an extended period of time and the plaintiff was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints and inappropriate touching, all without probable cause and plaintiff sustained loss of earnings, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment, and humiliation, shame, indignity, damage to reputation, incurred monetary costs, and deprivation of his constitutional rights.

8

FORTH CLAIM FOR RELIEF
MALICIOUS PROSECUTION UNDER 42 USC 1983

54.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in

paragraphs numbered "1" though "53" with the same force and effect as if fully set forth herein.

55.     Defendants were directly involved in the initiation and continuation of criminal

proceedings against SOPHIA MARCH AND VALRIE HARVEY.

56.     Defendants lacked probable cause to initiate and continue criminal proceedings

against SOPHIA MARCH AND VALRIE HARVEY.

57.     Defendants acted with malice in initiating and continuing criminal proceedings

against SOPHIA MARCH AND VALRIE HARVEY.

58.     Notwithstanding the conduct of the Defendants, the criminal proceedings were

terminated in SOPHIA MARCH AND VALRIE HARVEY's favor when all criminal charges

against him were dismissed.

59.     As a result of the foregoing, the Plaintiffs' liberty was restricted for an extended

period of time and the plaintiff was put in fear for his safety, was humiliated and subjected to

handcuffing, search, and other physical restraints and inappropriate touching, all without

probable cause and plaintiff sustained loss of earnings, loss of enjoyment of life, loss of liberty,

emotional distress, mental anguish, embarrassment, and humiliation, shame, indignity, damage to

reputation, incurred monetary costs, and deprivation of his constitutional rights.

FIFTH CLAIM FOR RELIEF
MALICIOUS ABUSE OF PROCESS UNDER 42 USC 1983

60.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in

paragraphs numbered "1" though "59" with the same force and effect as if fully set forth herein.

9

61.     Defendants issued legal process to detain Plaintiffs and subject him to an unlawful seizure of his person, to an illegal and unlawful arrest, and to unlawfully subject his property to a search and seizure.

62.     Defendants' actions were designed to obtain a collateral objective outside the legitimate ends of the legal process.

63.     Defendants acted with intent to do harm to SOPHIA MARCH AND VALRIE HARVEY without excuse or justification.

64.     As a result of the foregoing, the Plaintiffs' liberty was restricted for an extended period of time and the plaintiff was put in fear for his safety, was humiliated and subjected to handcuffing, search, and other physical restraints and inappropriate touching, all without probable cause and plaintiff sustained loss of earnings, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment, and humiliation, shame, indignity, damage to reputation, incurred monetary costs, and deprivation of his constitutional rights.

## SIXTH CLAIM FOR RELIEF
## CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS UNDER 42 USC 1985

65.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" though "64" with the same force and effect as if fully set forth herein.

66.     Each and all of Defendants conspired to violate Plaintiffs' civil rights by agreeing among themselves to engage in the conduct set forth above, in violation of 42 U.S.C. 1985, for which the defendants are individually liable.

## SEVENTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY UNDER 42 USC 1983

67.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" though "66" with the same force and effect as if fully set forth herein.

10

68.     Defendants, including CITY OF NEW YORK, POLICE OFFICER O'Connor and POLICE OFFICER "JOHN DOE", subjected Plaintiff to a false arrest and malicious prosecution.

69.     The acts complained of were carried out by the aforementioned defendants in their capacities as police officers and officials with all the actual and/or apparent authority attendant thereto and pursuant to the customs, policies, usages, practices, procedures and rules of the City of New York, under the supervision of ranking officers of the New York City Police Department.

70.     The aforementioned customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, including but are not limited to the following unconstitutional practices:

        (a) Failing to properly train, in general;

        (b) Failing to supervise police officers;

        (c) Subjecting persons to violations of their constitutionally protected rights;

        (d) Subjecting persons to false arrest;

        (e) Subjecting persons to malicious prosecution.

71.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by Plaintiffs as alleged herein.

72.     Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of Plaintiffs' constitutional rights, for which the City of New York is liable.

11

## DAMAGES AND RELIEF REQUESTED

73. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" though "72" with the same force and effect as if fully set forth herein.

74. All of the foregoing acts by defendants deprived SOPHIA MARCH AND VALRIE HARVEY of federally protected rights, including, but not limited to, the right:

        A. Not to be deprived of liberty without due process of law;

        B. To be free from seizure and arrest not based upon probable cause;

        C. To be free from unwarranted and malicious criminal prosecution;

        D. To receive equal protection under the law.

75. By reason of the aforesaid conduct by defendants, Plaintiffs are entitled to the sum of one million dollars ($1,000,000) in compensatory, punitive damages, plus attorney's fees pursuant to 42 U.S.C. 1988, as well as costs and disbursements of this action, and any further relief as the Court may find just and proper.

76. WHEREFORE, Plaintiffs demand judgment against the Defendants pursuant to the federal causes of action above, in the sum of ONE MILLION DOLLARS ($1,00,000.00) in compensatory damages, and ONE MILLION DOLLARS ($1,00,000.00) in punitive damages, plus attorney's fees, costs and disbursements of this action, and with interest at the legal rate from the date the cause of action accrued.

77. WHEREFORE, Plaintiffs demand judgment against the Defendants, pursuant to the state law causes of action above, in the sum of ONE MILLION DOLLARS ($1,00,000.00) in compensatory damages, and ONE MILLION DOLLARS ($1,00,000.00) in punitive damages, together with the costs and disbursements of this action, and with interest at the legal rate from the date the cause of action accrued.

12

Dated: New York, NY
      July 29, 2014

By:                               

                       Sophia Solovyova, Esq.
                       Attorney for the Plaintiffs
                       65 Broadway, Suite 734
                       New York, NY 10006
                       (917) 279-0134

13